NUMBER 13-02-262-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI -- EDINBURG








In re Texas A&M - Corpus Christi Foundation, Inc., Relator








On Petition for Writ of Mandamus 

from the 214th District Court

of Nueces County, Texas.






O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


Relator, Texas A&M-Corpus Christi Foundation, Inc., seeks mandamus relief from an
order issued by the 214th Judicial District Court of Nueces County, Texas, that denied
the Foundation's motion to compel discovery.

This case involves a challenge to a gift of $2 million made by Mrs. Frances K. Snyder to
the Foundation. The administrator for Snyder's estate brought suit against the
Foundation and the President of Texas A&M University--Corpus Christi, Robert Furgason,
contending that Furgason wrongfully induced Mrs. Snyder to make the gift to the
Foundation. (1)

The issues in that suit seem to have been distilled to the question of whether Mrs.
Snyder possessed the mental capacity required to effectuate the transfers at issue. 
However, when the Foundation attempted to depose the lawyers who prepared most of
the transfer documents for Mrs. Snyder and represented her in the transfer, the estate
asserted the attorney-client privilege as a shield against the Foundation's discovery of
communications between Mrs. Snyder and those attorneys.

At deposition, the estate attorneys testified generally that Mrs. Snyder appeared to have
mental capacity, but one attorney refused to turn over documents requested pursuant to
the Foundation's duces tecum attached to its notice of deposition, claiming the attorney-client privilege. The Foundation brought a motion seeking the trial court to compel the
estate to turn over the discovery requested and allow discovery into matters concerning
the attorney-client relationship between Mrs. Snyder and her estate attorneys.


The Foundation argued that, first, the discovery sought is not shielded by the attorney-client privilege, and, second, even if it were, the estate is prohibited from asserting the
privilege in such an "offensive use." (2) When the trial court signed an order denying its
motion to compel, the Foundation sought mandamus relief from this Court. We
conditionally grant mandamus because we find that the discovery sought by the
Foundation is not protected by the attorney-client privilege. Accordingly, the trial court
abused its discretion in refusing to compel the estate to produce the discovery requested.

The estate contends, first, that mandamus relief is not available in this case because
remedy by direct appeal is adequate. While we certainly agree with the principle that
mandamus may only issue where there is no adequate remedy by appeal, Walker v.
Packer, 827 S.W.2d 833, 842 (Tex. 1992), we disagree with the estate's contention
that remedy by direct appeal is adequate. "[A] denial of discovery going to the heart of a
party's case may render the appellate remedy inadequate." Id. at 843. The discovery
sought is evidence bearing on Mrs. Snyder's donative capacity around the time of the
gift. As such it is highly relevant and goes "to the heart" of the case. Appeal is not a
sufficient remedy, because absent the discovery the case will have been tried needlessly. 

Having found mandamus available, we now turn to the question of whether the trial court
clearly abused its discretion in denying the Foundation's motion to compel. In addition to
showing that the remedy of direct appeal is inadequate, a party seeking mandamus relief
must also show that the trial court clearly abused its discretion. Id. at 839. When
applying the law, the trial court has little discretion. Id. Thus, if a trial court applied the
law incorrectly, an abuse of discretion will be found. Id. We find that to be the case
here.

Straightforward application of the rule of evidence regarding attorney-client
communications shows that the information the Foundation seeks to discover is not
covered by the privilege, but rather, is specifically excepted by rule 503(d)(3). See Tex.
R. Evid. 503(d)(3).

In general, communications between attorneys and their clients are privileged. See id. at
503(b)(1). The privilege may be claimed by the personal representative of a deceased
client. Id. at 503(c). However, the rule has some exceptions that take attorney-client
communications out of the scope of the privilege. Specifically, the rule states: "There is
no privilege under this rule. . . [a]s to a communication relevant to an issue between
parties who claim through the same deceased client, regardless of whether the claims are
by testate or intestate succession or by inter vivos transactions . . . ." Id. at 503(d)(3). 
We have found no cases construing the parameters of this exception.


Thus, we simply apply the plain meaning of the rule to the case at bar. Because the
discovery material sought by the Foundation is "relevant to an issue between parties who
claim through the same deceased client," we hold that it is outside the scope of the
attorney-client privilege. Because the trial court denied the Foundation's motion seeking
compulsion of this discovery, it abused its discretion. Accordingly, we conditionally grant
mandamus and direct the trial court to vacate its order denying the Foundation's motion
to compel, and instead, enter an appropriate order in accordance with this opinion.




______________________________

J. BONNER DORSEY,

Justice


Publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 7th day of June, 2002.

1. The Real Party in Interest is referred to as "the estate" for purposes of clarity. In each instance, the
term refers to "Bryan Lee Holmes, as Independent Administrator of the Estate of Frances K. Snyder,
Deceased, and as Trustee of the Frances K. Snyder Trust."
2. The Texas Supreme Court set forth the offensive use doctrine in Republic Ins. Co. v. Davis, 856
S.W.2d 158, 163 (Tex. 1993). Because we find that straightforward application of the rule of privilege
shows that the discovery sought is not privileged, we do not inquire into whether the estate has met the
requisites for application of the offensive use doctrine.